IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPRINT COMMUNICATIONS CO., L.P., )
)
                Plaintiff, )
)
v. )   Case No. 11-2685-JWL
)
CABLE ONE, INC., )
)
                Defendant. )

# ORDER

Sprint Communications Company, L.P. contends that Cable One, Inc. is infringing twelve patents related to broadband and packet-based telephony products. Sprint has filed a motion for leave to file a second amended complaint that would advance new claims of willful infringement, induced infringement, and joint infringement by Cable One **(ECF doc. 55)**. Because Sprint has not established good cause for the late amendment, the motion is denied.

Sprint seeks to add, for each asserted patent, an express claim of joint infringement, and for six asserted patents, claims of willful infringement and induced infringement. Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates that the court "should freely give leave when justice so requires."[1]

---

[1] Fed. R. Civ. P. 15(a)(2).

When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[2] Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause." Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more liberal Rule 15(a) standard has been satisfied.[3] In this case, the scheduling order, as amended, set a deadline of June 17, 2013, for amending the pleadings. Because Sprint did not file the instant motion until October 23, 2013, the court will follow this two-step approach in evaluating the proposed new claims.

**I.      Rule 16(b)(4)**

To establish good cause under Rule 16(b)(4), Sprint must show that it could not have met the June 17, 2013 scheduling-order deadline for amending its complaint even if it had acted with due diligence.[4] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[5]

---

[2] The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).

[3] *See, e.g.*, *Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.,* No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[4] *Miller*, 2008 WL 4271906, at *2; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

[5] *Five Rivers*, 2010 WL 2609426, at *2 (internal quotation and citation omitted).

### A. Joint Infringement Claims

Sprint's proposed joint infringement claims would allege that Cable One exercised control and direction over a third-party vendor, Level 3, and the two together performed every step of the patents-in-suit, such that Cable One directly infringed the patents. Sprint asserts that its proposed joint infringement claims are premised on Cable One's recent disclosure that it contracts out various aspects of its call process to Level 3.

On June 12, 2013, Cable One served responses to Sprint's interrogatories seeking technical information related to such things as how Cable One set up, connected, monitored, and tore down calls.[6] In response, Cable One made a number of objections and provided no detail as to the steps in establishing such a call flow.[7] Significantly, however, Cable One mentioned the use of a "vendor" in a number of its responses, as discussed further below. By letter dated July 1, 2013, Sprint asked Cable One to supplement its interrogatory responses,[8] which Cable One did on August 23, 2013.[9] Cable One's amended responses contain a much more detailed discussion of how it establishes a telephone talk path, including the description of specific steps involving "a Cable One vender, Level 3."[10] Thus, Sprint

---

[6] *See, e.g.,* ECF doc. 55-2 at 5 (interrogatory 2) and 12 (interrogatory 7).

[7] *See id.*

[8] ECF doc. 57-4.

[9] ECF doc. 55-3.

[10] *Id.* at 7–10, and 14.

argues, it could not have amended its complaint to assert claims listing a vendor as a joint infringer until receiving Cable One's supplemental responses on August 23, 2013.

Cable One urges the court to reject this contention, arguing, "Sprint has not shown that it exercised diligence in evaluating its own documents, the pleadings in this case, and Cable One's initial discovery responses, served on June 12, 2013."[11] First, Cable One points to its initial interrogatory responses in which it mentioned the use of a "vendor" in three separate responses. For example, in response to an interrogatory requesting a description of "how [Cable One] connect[s] Inbound Calls and Outbound Calls made to or from a ported telephone number," Cable One stated, in part, "all Inbound and Outbound calls made to or from a ported or non-ported number are processed by a Cable One vendor."[12] In other responses, Cable One stated that it "understands its vendor uses a Media Gateway to process calls entering Cable One's system or exiting Cable One's system,"[13] and indicated protocols that "its vendor for telephony" used to setup, connect, or tear down calls.[14]

Second, Cable One identifies a number of internal Sprint emails and documents that demonstrate Sprint's awareness of a relationship between Cable One and Level 3 as early as

---

[11] ECF doc. 62 at 4.

[12] *Id.* at 12.

[13] *Id.* at 7–8

[14] *Id.* at 8–9.

2005.[15] For example, in a December 2006 document, Sprint identifies Cable One's use of Level 3 "for termination and interconnection" related to "VoIP Info."[16] Similarly, in a Sprint "Executive Briefing" dated March 12, 2008, Sprint notes that Cable One has "taken a 'build it yourself' approach to VoIP," and that "Level 3 is the service provider."[17]

Third, Cable One notes that in its April 16, 2012 answer to the amended complaint, it set forth an affirmative defense directed at the issue of joint infringement: "Sprint's claims are barred because Cable One does not make, use, or sell each claimed element of any asserted claim, *nor does Cable One direct or control another entity to make, use, or sell any element which is not made, used, or sold by Cable One*."[18]

The court agrees with Cable One that these three events at the very least would have put a diligent party on notice of a possible joint infringement claim. Sprint attempts to explain its untimely amendment request by asserting that neither Cable One's original interrogatory responses referencing a "vendor" nor Sprint's internal documents discussing Level 3 provide the necessary detail to demonstrate that a vendor performed steps of the asserted patents. Sprint asserts that, although its internal documents show Sprint's "general awareness" of a business relationship between Cable One and Level 3, they "do not show the

---

[15]*See* ECF docs. 62-1, 62-2, 62-3, 62-4, and 62-5.

[16]ECF doc. 62-4.

[17]ECF doc. 62-5.

[18]ECF doc. 26 at 15 (seventh affirmative defense) (emphasis added).

step-by-step detail provided in Cable One's belated discovery responses, which establish that the outsourced steps are indeed relevant to some of Sprint's patent claims."[19] Likewise, Sprint argues, Cable One's original interrogatory answers did not demonstrate that the processes performed by "a vendor" were part of the steps in the asserted claims.

The court finds Sprint's arguments unpersuasive. In particular, it seems to be a bit of a stretch for Sprint to argue that Cable One's June 12, 2013 mention of processes performed by its vendor did not put Sprint on notice that it could assert a joint infringement claim. But even taking Sprint at its word that before receiving Cable One's supplemental interrogatory responses it did not know that Cable One used a vendor to perform at least one step of the asserted claims, the court nonetheless finds that Sprint has failed to establish good cause for its inaction.

This court has held that when a plaintiff fails to pursue avenues of possible claims of which it clearly was put on notice, the plaintiff does not act with the necessary diligence. In *Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.,* the court held that the plaintiff failed to meet the good-cause standard for amendment because "at the time it filed its complaint, [it] had in its possession evidence that should have led it to the information that the proposed claim is based on."[20] The court found that because the plaintiff did not "diligently follow[] up" on notice of additional facts that supported an additional claim, the

---

[19]ECF doc. 67 at 2.

[20]2010 WL 2609426, at *2.

plaintiff did not act with diligence.[21] Thus, because the plaintiff failed "to diligently pursue all obvious avenues for possible claims against [the defendant,] its motion for leave [was] denied."[22]

The reasoning of *Five Rivers* is applicable here. Sprint clearly was put on notice—if not by its own internal documents and evaluations of Cable One's relationship with Level 3, then by Cable One's answer to the complaint and June 12, 2013 answers to interrogatories—that Cable One likely used a third-party to implement its call process, including steps involved in Sprint's claims. Had Sprint diligently followed up on information that Cable One was using a vendor, it would have obtained the information on which its proposed joint infringement claims are based prior to the deadline for amending its complaint. Stated another way, even if these three events did not clearly demonstrate that Level 3 performed a step in the process allegedly protected by the patents-in-suit, they did show a connection between Cable One and Level 3 significant enough to alert Sprint that it should inquire further. Sprint's failure to pursue this connection was either simply careless or a demonstration of willful blindness. As stated above, "Carelessness is not compatible

---

[21]*Id.*

[22]*Id. See also Graphic Techs., Inc. v. Pitney Bowes Inc.*, 998 F. Supp. 1174, 1181–82 (D. Kan. 1998) ("[W]here the party seeking amendment knows or *should have known* of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." (internal quotation and citation omitted) (emphasis added)).

with a finding of diligence and offers no reason for a grant of relief."[23] Accordingly, the court finds that Sprint has failed to demonstrate that it could not have met the scheduling-order deadline had it acted with diligence.

    **B.    Willful Infringement and Induced Infringement Claims**

Sprint's proposed willful infringement claims would allege that Cable One acted despite an objectively high risk, of which Cable One knew or should have known, that its actions constituted infringement of the asserted patents. Sprint's proposed induced infringement claims would allege that Cable One had knowledge of Sprint's patents yet, acting with their third-party vendors, made or used the methods claimed in the patents. According to Sprint, it became aware of these claims—specifically the "knowledge" component of the claims—when Cable One admitted that it had pre-suit knowledge of earlier lawsuits in which Sprint asserted certain patents involved in this suit.

As noted above, to satisfy Rule 16(b)(4)'s "good cause" standard, Sprint must demonstrate that, even if it had acted with due diligence, it could not have asserted these claims before the June 17, 2013 scheduling-order deadline. The court finds that Sprint has failed to meet this standard.

In Cable One's June 12, 2013 interrogatory responses, Cable One stated that it "first learned of the Asserted Patents as a result of the filing of this case," though it was aware of

---

[23]*Five Rivers*, 2010 WL 2609426, at *2 (internal quotation and citation omitted).

other patent-infringement litigation brought by Sprint prior to that time.[24] Thus, Cable One's stated position at the time that the deadline for amending pleadings passed was that it had knowledge of the earlier litigation, but no pre-suit knowledge of Sprint's asserted patents. In a July 1, 2013 letter, Sprint asked Cable One to confirm its position that it was not aware of the asserted patents before this lawsuit was filed.[25] Cable One responded by letter dated July 12, 2013, that it had provided its answer to the relevant interrogatory, but would supplement its response "if additional details are obtained as discovery progresses."[26] Cable One did not address its knowledge of the patents in its August 23, 2013 supplemental interrogatory responses. Following two subsequent requests for supplementation by Sprint, Cable One informed Sprint that it did not intend to supplement its interrogatory response regarding the date that it obtained knowledge of the patents-in-suit. Although Cable One has never supplemented its June 12, 2013 interrogatory response, Sprint's motion states, "Sprint believes it prudent, at this time, to amend its pleadings to include allegations that Cable One was aware of a number of Sprint's asserted patents long-before this suit given Cable One's admitted knowledge of two prior cases in which these very patents were asserted."[27]

The problem facing Sprint is that it seeks to amend its complaint based on the same

---

[24]ECF doc. 55-2 at 14.

[25]ECF doc. 57-4 at 6.

[26]ECF doc. 57-5.

[27]Doc. 55 at 5.

set of facts that it confronted prior to the deadline for amending pleadings. The reasoning Sprint gives for seeking to add willful infringement and induced infringement claims is that Cable One was aware of the asserted patents given Cable One's admitted knowledge of two earlier patent-infringement cases brought by Sprint. But Cable One admitted knowledge of those cases before the scheduling-order deadline for amending pleadings. Sprint gives absolutely no explanation for why, if it were acting with diligence, it could not have included the claims that it now seeks to add prior to the scheduling-order deadline for so doing.[28] Sprint suggests that it was waiting on Cable One to amend its interrogatory answer on this subject before seeking leave to amend. If that is true, then Sprint's delay can at best be described as careless, given that Cable One specifically rejected Sprint's request that it supplement the interrogatory unless details obtained during discovery compelled it to so do. In the end, Sprint simply has not come close to demonstrating that it could not have meet the scheduling-order deadline had it acted with due diligence. The court finds no good cause to amend the scheduling order to allow Sprint to assert willful infringement and/or induced infringement claims.

## II. Rule 15(a)

---

[28] *See Five Rivers*, 2010 WL 2609426, at *2 (holding that the plaintiff failed to meet the good-cause standard for amendment because "at the time it filed its complaint, [it] had in its possession evidence that should have led it to the information that the proposed claim is based on"); *Graphic Techs.,*, 998 F. Supp. at 1181–82 ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." (internal quotation and citation omitted)).

Because Sprint has not satisfied Rule 16(b)(4)'s "good cause" requirement with respect to any of the claims it seeks to add, the court is not required to consider whether Sprint has met the amendment standards promulgated under Rule 15(a).[29] However, the court will briefly address Rule 15(a)'s applicability. As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[30] Cable One argues that leave to amend should be denied because Sprint unduly delayed in seeking the amendment and because the amendment, if granted, would be futile.

Rule 15(a)'s "undue delay" analysis is similar to the "good cause" analysis under Rule 16(b).[31] "The court appropriately may deny leave to amend 'when the party filing the motion has no adequate explanation for the delay.'"[32] For substantially the same reasons that the court concluded that Sprint has not shown good cause, the court concludes that Sprint has

---

[29]*Five Rivers*, 2010 WL 2609426, at *3; *Lipari*, 2008 WL 2944909, at *3.

[30]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[31]*Wilson v. Wal-Mart Stores, Inc.*, No., 2008 WL 2622895, at *4 (D. Kan. June 30, 2008) (citing *Minter*, 451 F.3d at 1205, n. 4).

[32]*Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 220 (10th Cir. 2009) (quoting *Minter*, 451 F.3d at 1206); *see also Castleglen*, 984 F.2d at 1585 (holding that a court may deny leave to amend a pleading upon a showing of undue delay).

unduly delayed seeking amendment. Sprint has provided no rational explanation for why it did not seek leave to amend its complaint sooner. With respect to Sprint's proposed joint infringement claims, even if the court had accepted Sprint's argument that it had no basis for the claims until receiving Cable One's supplemental responses on August 23, 2013, Sprint has not explained why it waited two additional months, until October 23, 2013, to file the instant motion. With respect to Sprint's proposed willful infringement and induced infringement claims, which are not based on any new facts arising in the four months prior to the filing of this motion, Sprint's delay is even more glaring. The court concludes that Sprint's motion for leave to amend its complaint should be denied on the basis of undue delay.[33] Based on this conclusion, the court need not address Cable One's additional argument that the amendments would be futile.

It is therefore ordered that because Sprint has failed to demonstrate good cause for amending the scheduling order and has unduly delayed in seeking to amend its complaint, Sprint's motion for leave to file an amended complaint is denied.

IT IS SO ORDERED.

Dated December 16, 2013, at Kansas City, Kansas.

                                               s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge

---

[33] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay.").