IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
SPRINT COMMUNICATIONS         )
COMPANY L.P.,                 )
                              )
                  Plaintiff,  )
                              )
     v.                       )    Case No. 11-2685-JWL
                              )
CABLE ONE, INC.,              )
                              )
                  Defendant.  )
                              )
_____)
```

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's objections (Doc. # 73) to the Order by which the Magistrate Judge denied plaintiff's motion for leave to amend. For the reasons set forth below, the objections are **overruled**.

### I. **Background**

In this patent infringement action, plaintiff filed its amended complaint against defendant on March 29, 2012. In April 2013, plaintiff served certain interrogatories on defendant, the answers to which were due on May 13, 2013. Plaintiff agreed to a thirty-day extension of that deadline, and in return, defendant agreed to an extension of the scheduling order's deadline for motions to amend, which then became due by June 17, 2013. Defendant served its interrogatory answers on June 12, 2013. After plaintiff

requested more complete answers, defendant served supplemental answers to those interrogatories on August 23, 2013.

On October 23, 2013, plaintiff filed a motion for leave to amend its complaint to add (a) with respect to all 12 asserted patents, a claim of joint direct infringement, and (b) with respect to six asserted patents, claims of willful infringement and induced infringement. By Order of December 16, 2013 (Doc. # 68), the Magistrate Judge denied the motion to amend. Specifically, the Magistrate Judge ruled that plaintiff failed to demonstrate good cause for modification of the scheduling order under Fed. R. Civ. P. 16(b)(4), and that plaintiff's undue delay in seeking the amendments provided an additional basis for denial of the motion under Fed. R. Civ. P. 15(a). Plaintiff now seeks review of the Magistrate Judge's Order as it pertains to its motion for leave to amend to add a claim of joint direct infringement.

## II.     **Governing Standard of Review**

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Navegante Group, Inc. v. Butler Nat'l Serv. Corp.*, 2011 WL 1769088,

*3 (D. Kan. May 9, 2011) (Lungstrum, J.) (for purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons others than futility is a non-dispositive order). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III. Analysis

Plaintiff first argues that the Magistrate Judge applied the wrong standard for "good cause" under Rule 16(b)(4).[1] Citing cases from this district, the Magistrate Judge applied the following standard:

> To establish good cause under Rule 16(b)(4), [plaintiff] must show that it could not have met the June 17, 2013 scheduling order deadline for amending its complaint even if it had acted with due diligence. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal quotation omitted.) Plaintiff argues that the Magistrate Judge should have applied a standard based on language he used in *Monge v. St. Francis Health Center, Inc.*, 2013 WL 328957 (D. Kan. Jan. 10, 2013) (O'Hara, Mag. J.), in which he stated that the plaintiff in that case had shown good cause to amend the complaint "[b]ecause the factual basis giving rise to [the proposed new claim] arguably did not arise until after the

---

[1]Plaintiff has not argued that Rule 16(b)'s "good cause" standard should not apply here.

3

scheduling order deadline." *See id.* at *2. The Magistrate Judge quoted that same language from *Monge* in allowing this plaintiff to amend its complaint in a companion case. *See Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686, slip. op. at 4 (D. Kan. Dec. 16, 2013) (O'Hara, Mag. J.).

The Court rejects this argument. In both *Monge* and *Time Warner*, the Magistrate Judge cited the same standard for good cause that he cited in his order in this case: that the plaintiff must show that it could not have met the scheduling order deadline for amending its complaint even if it had acted with due diligence. *See id.* at 2; *Monge*, 2013 WL 328957, at *1. In applying that standard in those two cases, the Magistrate Judge allowed the amendment based on his finding that the factual basis for the new claim in each case arguably did not arise until after the scheduling order deadline. The Magistrate Judge essentially found in this case that the factual basis for plaintiff's proposed claim *had* arisen before the deadline, and he therefore denied the motion. The Magistrate Judge did not act contrary to law in failing to use similar language in making his contrary ruling in this case.

The Tenth Circuit has noted that Rule 16(b)(4)'s "good cause" standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006), *quoted in Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. Feb. 25, 2009) (unpub. op.). In this case, the Magistrate Judge properly considered plaintiff's diligence and its explanation for its delay in

4

seeking the amendment. Thus, the Magistrate Judge did not act contrary to law with respect to the standard he applied in considering whether plaintiff showed good cause for modification of the scheduling order.

Plaintiff also argues that the Magistrate Judge erred by concluding that plaintiff failed to act with sufficient diligence between June 12, 2013, when it received defendant's interrogatory answers, and June 17, 2013, the amendment deadline. Plaintiff contends that it should not have been required to prove that meeting the deadline was impossible. The Court rejects that argument as well.

Plaintiff focuses almost entirely on its receipt of the interrogatory answers on June 12. The Magistrate Judge found, however, that plaintiff should have had notice of its new claim from three different sources. First, plaintiff possessed documents as far back as 2005 that indicated knowledge by plaintiff of defendant's use of a specific vendor relating to the VoIP technology at issue in this case. Second, defendant's answer to the amended complaint, filed on April 16, 2012, included the affirmative defense that defendant does not "direct or control another entity to make, use, or sell any element which is not made, used, or sold" by defendant; thus, plaintiff was again given notice that a vendor may be involved in the alleged infringement of plaintiff's patents.[2] Third,

---

[2] Plaintiff argues that the answer could not have provided the required notice, but it has cited no authority suggesting that defendant's statement in its answer may not be considered here. The only case cited by plaintiff, *Great Northern Insurance Co. v. Ruiz*, 688 F. Supp. 2d 1362 (S.D. Ga. 2010), does not suggest any such categorical rule. Rather, in that case, the court found that a simple denial in an answer, which could have
(continued...)

5

defendant's June 12 interrogatory answers clearly indicated that it had a vendor that was involved in the processing of its calls.

Defendant argued to the Magistrate Judge that it did not know what defendant's vendor did, on a detailed level, until defendant supplemented its interrogatory answers on August 23, 2013, after the amendment deadline. The Magistrate Judge, however, rejected plaintiff's argument that it did not have enough detailed information by the deadline to know that the vendor performed steps that infringed particular patent claims. The Magistrate Judge found that argument to be "unpersuasive," and he deemed it "a bit of a stretch for [plaintiff] to argue that [defendant's] June 12, 2013 mention of processes performed by its vendor did not put [plaintiff] on notice that it could assert a joint infringement claim." After making that finding, the Magistrate Judge proceeded to find that, even if he believed plaintiff in asserting that it did not know that defendant used a vendor to perform at least one step of the asserted patent claims, plaintiff nonetheless failed to show good cause because it failed to show diligence in following-up on the information that it did have to obtain additional information. Those findings are not clearly erroneous.

Plaintiff complains most vociferously about the fact that it had only three business

---

²(...continued)
been asserted for a number of reasons, did not put the plaintiff on notice that he had sued the wrong defendant. *See id.* at 1376-77. In this case, defendant made an affirmative statement in its answer, and there is no legal reason why that statement cannot have contributed to plaintiff's notice of a potential claim.

6

days between the June 12 interrogatory answer deadline and the June 17 amendment deadline in which to perform any such "follow-up". First, as noted above, events prior to June 12 provided plaintiff with notice of a possible claim relating to defendant's use of a vendor. Moreover, plaintiff agreed to those dates, requesting an extension of the amendment deadline to June 17 after defendant requested the June 12 interrogatory answer deadline. Plaintiff argues that such a tight turnaround was based on an expectancy of complete answers from defendant. As a preliminary matter, the Court notes that defendant did assert objections in response to the interrogatory that it later supplemented, and that neither those objection nor defendant's initial answers have been found to have been improper. More importantly, however, defendant's June 12 answers revealed that a vendor was involved in processing calls, and such information provided notice that plaintiff might have a possible joint infringement claim involving the vendor. If plaintiff believed that it needed additional time in discovery to obtain further information to make sure that the vendor was in fact involved in steps contained in the patent claims, it could have acted with diligence by bringing the issue to the Court's attention then by seeking an extension of the amendment deadline to allow for such discovery. Plaintiff has not provided any adequate explanation for its failure to seek such an extension prior to the amendment deadline.

Plaintiff further argues that the Magistrate Judge should have considered defendant's fault in causing the delay by its incomplete initial answers to the interrogatory. In light of his finding that plaintiff had sufficient notice of a potential

7

claim prior to the amendment deadline, however, the Magistrate Judge did not clearly err in failing to consider whether defendant's initial answers were improper. Similarly, plaintiff's citations to cases in which amendments were allowed do not demonstrate clear error, as the present case was decided on its particular facts. Nor did the Magistrate Judge clearly err by citing cases that involved different facts.

For these reasons, the Court concludes that the Magistrate Judge did not clearly err or act contrary to law in finding that plaintiff failed to show good cause for modification of the scheduling order under Rule 16(b).

The Court further concludes that the Magistrate Judge did not clearly err in alternatively denying the amendment under Rule 15(a) because of plaintiff's undue delay in seeking the amendment, for the same reasons discussed above. *See Minter*, 451 F.3d at 1205 n.4 (noting similarity between the good cause standard of Rule 16(b) and the undue delay analysis under Rule 15). In finding undue delay in this case, the Magistrate Judge also noted that plaintiff had waited two months, to October 23, 2013, after the August 23 supplementation on which it relies, before it filed the motion to amend. Plaintiff explains its post-August 23 delay by a vague reference to its obligation under Rule 11 to make sure that it had a claim. In agreeing to the June 12 / June 17 schedule, however, under the scenario posited by plaintiff in which it would receive complete answers, plaintiff anticipated needing only three business days in which to conduct any such analysis. Plaintiff also suggests that defendant contributed to that delay, apparently by failing to respond more quickly to plaintiff's request for consent to the motion, but

8

plaintiff did not initiate that process until October 1. It appears that the actual reason for the delay is the fact that plaintiff was requesting supplementation by defendant concerning another issue during September 2013 (relating to the other new claim in the proposed amended complaint, not challenged here), and plaintiff did not begin the amendment process for either claim until defendant confirmed that it would not supplement as requested. Plaintiff was not justified in delaying its request for one amendment while waiting for information on another amendment. The Magistrate Judge did not clearly err in finding that plaintiff acted with undue delay.

In conclusion, the Court notes that plaintiff's failure to request an extension of the amendment deadline upon receiving defendant's initial interrogatory answers and its delay in filing its motion after defendant's supplementation does not serve Rule 1's purpose in ensuring the just, speedy, and inexpensive determination of every action. Plaintiff may not simply make its own decision on when to seek leave to amend, and the Magistrate Judge's finding that plaintiff lacked good cause and acted with undue delay were not clearly erroneous or contrary to law. Accordingly, the Court overrules plaintiff's objections to the Magistrate Judge's Order.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's objections to the Order of the Magistrate Judge (Doc. # 73) are hereby **overruled**.

IT IS SO ORDERED.

Dated this 14th day of February, 2014, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge