IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
SPRINT COMMUNICATIONS           )
COMPANY L.P.,                   )
                                )
                Plaintiff,      )
                                )
        v.                      )    Case No. 11-2685-JWL
                                )
CABLE ONE, INC.,                )
                                )
                Defendant.      )
                                )
_____ )
```

## MEMORANDUM AND ORDER

In this action, plaintiff Sprint Communications Company L.P. ("Sprint") asserts claims of patent infringement under federal law against defendant Cable One, Inc. ("Cable One"). The case presently comes before the Court on Cable One's motion for summary judgment (Doc. #91). The Court concludes that Sprint has preserved a claim of joint direct infringement against Cable One in this action. Accordingly, because Cable One's motion is premised on the absence of such a claim, the Court **denies** the motion for summary judgment.

### I. Background

On December 19, 2011, Sprint filed a complaint alleging direct and indirect infringement by Cable One of 12 patents. Cable One moved to dismiss the claims of

indirect infringement and to strike Sprint's claim for enhanced damages, based on an alleged insufficiency of pleading, and Sprint responded to that motion by filing an amended complaint that omitted the challenged claims. In its amended complaint, Sprint alleged only that Cable One directly infringed Sprint's patents, pursuant to 35 U.S.C. § 271(a), "by making, using, selling, and offering for sale" certain infringing products and services. Cable One did not move to dismiss Sprint's amended complaint under Fed. R. Civ. P. 12, but instead filed an answer that included the following affirmative defense: "Sprint's claims are barred because Cable One does not make, use, or sell each claimed element of any asserted claim, nor does Cable One direct or control another entity to make, use, or sell any element which is not made, used, or sold by Cable One." Cable One also requested in its answer that judgment be entered "that Cable One has not infringed (directly and/or jointly) any claim of the patents-in-suit."

On October 23, 2013, Sprint filed a motion for leave to amend its complaint to include express allegations of joint direct infringement by Cable One. In a footnote in that motion, Sprint stated that joint or divided infringement falls within direct infringement under Section 271(a), and that it had already pleaded direct infringement; but that because some courts have held that joint direct infringement must be specifically pleaded, Sprint was seeking leave to amend "out of an abundance of caution" to allege recently-discovered facts supporting joint infringement. The Magistrate Judge denied the motion to amend (Doc. # 68), ruling that Sprint had failed to show good cause under Fed. R. Civ. P. 16(b)(4) for altering the scheduling order to allow an amendment after

2

the deadline. Specifically, the Magistrate Judge ruled that Sprint had not shown that it could not have met the amendment deadline acting with due diligence, in light of documents Sprint had indicating Cable One's use of a third-party vendor, interrogatory answers by Cable One that referred to a vendor, and Cable One's assertion of an affirmative defense directed at the issue of joint infringement. The Magistrate Judge further ruled that, even if Sprint had satisfied the "good cause" requirement of Rule 16, its motion would fail under Fed. R. Civ. P. 15(a); in that regard, the Magistrate Judge ruled that Sprint had unduly delayed in seeking the amendment, for the same reasons that applied under Rule 16 and because Sprint had delayed in filing its motion to amend after it allegedly received in discovery the facts underlying its joint direct infringement claim. Sprint filed objections to those rulings, but this Court ruled (Doc. # 80) that the Magistrate Judge had not clearly erred in denying the motion for leave to amend. Neither the Magistrate Judge nor this Court addressed the specific issue here, namely whether Sprint could pursue a claim for joint direct infringement without another amendment of its complaint.[1]

---

[1] Sprint also sought leave to amend to add claims for induced infringement and willful infringement. The Magistrate Judge denied leave to add such claims, and Sprint did not file objections to that ruling.

## II. <u>Analysis</u>

By its amended complaint, Sprint asserts claims of direct infringement pursuant to 35 U.S.C. § 271(a). "To establish liability for direct infringement of a claimed method or process under 35 U.S.C. § 271(a), a patentee must prove that each and every step of the method or process was performed." *See Aristocrat Technologies Australia Pty Ltd. v. International Game Technology*, 709 F.3d 1348, 1362 (Fed. Cir. 2013) (citations omitted). One may directly infringe a patent either individually, by personally committing all of the acts necessary to infringe the patent personally; or jointly, by committing those acts either personally or vicariously through another party. *See id.* The Federal Circuit has described joint direct infringement under Section 271(a) as follows:

> For method claims . . . a patent holder must establish that an accused infringer performs all of the steps of the claimed method, either personally or through another acting under his direction or control. Direct infringement has not been extended to cases in which multiple independent parties perform the steps of the method claim. We have stated previously that the control or direction standard is satisfied in situations where the law would traditionally hold the accused infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method.

*See id.* (citations and internal quotations omitted).

In seeking summary judgment, Cable One argues that because its vendor, Level 3, performed certain of the allegedly infringing steps, Cable One did not perform all of the steps of the claimed methods itself, and therefore it did not directly infringe the patents at issue. Cable One's motion is thus based on the absence of a claim for joint

4

direct infringement here. Cable One relies on the Court's denial of Sprint's motion to amend for that assumption. Sprint disputes that position, arguing that its direct infringement claims still include claims for joint direct infringement, despite the Court's denial of the motion to amend. Sprint notes that the Court did not rule that amendment was required for assertion of a joint direct infringement claim, and it argues that its general assertion of direct infringement claims was sufficient to encompass all direct infringement claims under Section 271(a).

In briefing this issue, the parties have cited only cases discussing the sufficiency of pleadings in the context of a motion pursuant to Fed. R. Civ. P. 12. As Sprint notes, the Federal Circuit has held that a claim of direct infringement is not governed by the *Twombly* pleading standards; rather, it is sufficient if a pleading follows Form 18 to the Appendix to the Federal Rules of Civil Procedure, which provides a simple form for pleading a claim of direct patent infringement and which does not require the pleading of facts establishing that each element of an asserted claim is met. *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334-35 (Fed. Cir. 2012).[2] Thus, Sprint argues that it was not required to plead specifically that it

---

[2]In *Desenberg v. Google, Inc.*, 392 F. App'x 868 (Fed. Cir. 2010), an unpublished opinion, the Federal Circuit affirmed the dismissal of a direct infringement claim under Rule 12 on the basis that the complaint had not alleged the defendant's direction or control of other participants. *See id.* at 870-71. In that case, however, the district court had ruled that the patent claim at issue, on its face, required the participation of multiple parties. *See id.* at 870. Thus, the Federal Circuit did not rule in that case that a plaintiff must always plead facts supporting the direction-or-control requirement in order to state
(continued...)

asserted a claim of joint infringement in asserting its direct infringement claims. Cable One, on the other hand, cites to cases in which district courts have required the pleading of specific facts and allegations relating to the defendant's direction and control of a third party in order to state a claim for joint direct infringement, although the Court notes that the district courts are not unanimous in that regard. *Compare, e.g.*, *Nu Flow Technologies (2000) Inc. v. A.O. Reed & Co.*, 2014 WL 1400127, at *2 (S.D. Cal. Apr. 8, 2014) (following courts that have ruled that, because Form 18 does not address joint infringement, the usual pleading standards under *Twombly* apply and joint infringement claims are subject to dismissal in the absence of factual allegations regarding the defendant's direction or control of another party), *with TQP Dev., LLC v. Adobe Sys. Inc.*, 2013 WL 4784787, at *2 (E.D. Tex. Sept. 5, 2013) (because liability for joint direct infringement arises under Section 271(a), such a claim is governed by the generally applicable direct infringement pleading standards).

The Court need not decide, however, how it would rule on this specific issue if faced with a Rule 12 motion because no such motion is at issue here. Cable One has not made a timely challenge to the sufficiency of the allegations contained in Sprint's amended complaint; rather, the Court is charged with determining whether, at this particular stage in the litigation, Sprint's direct infringement claims may be based on a particular kind of direct infringement, namely joint direct infringement. Cable One has

---

²(...continued)
a claim for joint direct infringement.

6

not cited any authority suggesting that a sufficiency-of-the-pleadings analysis also applies in this context outside of a Rule 12 challenge.[3]  In that respect, the issue before the Court is like the issue that arises when one party challenges the other party's inclusion of a specific factual or legal claim in the pretrial order, and the Court must determine whether that claim is truly new or instead may be said to have been fairly a part of the litigation.  The Court notes in that regard that often a party asserts a general legal claim (breach of contract, negligence) and then the specific factual bases for the claim are revealed in the discovery process.  Thus, the Court considers the interests of fairness and the prejudice to the parties if Sprint were allowed to pursue a claim for joint direct infringement in this case.[4]

In this case, the Court concludes that Sprint should not be precluded from pursuing a claim of joint direct infringement.  First, Sprint did assert claims of direct infringement under Section 271(a) in its amended complaint, and joint infringement is a type of direct infringement under that section; thus, Sprint is not attempting to litigate

---

[3]Cable One argues that because Sprint's amended complaint did not refer to joint infringement or participation in the infringement by an outside party, it had no reason to challenge the sufficiency of allegations as they related to a claim of joint infringement. That fact does not change the present posture of the case, however.

[4]The Court's present consideration of this issue is not at odds with its prior ruling on Sprint's motion for leave to amend.  In that order, the Court merely upheld the decision of the Magistrate Judge that Sprint, acting with diligence in light of certain facts, could have filed that motion prior to the amendment deadline.  The Court did not rule on whether Sprint was barred from asserting such a claim in the absence of an amendment.

7

a claim outside the scope of the general claims that it pleaded. Second, Cable One's recognition that a direct infringement claim may include a claim of joint infringement is demonstrated by the inclusion in its answer of a specific affirmative defense relating to divided infringement and its request for a judgment that it had not infringed "directly and/or jointly". Indeed, Cable One argued in its response to the motion to amend that its affirmative defense should have provided notice to Sprint of a possible joint direct infringement claim.

Third, Cable One has not identified any unfair prejudice that it would suffer if Sprint were allowed to pursue its claim of direct infringement under a joint infringement theory. As Sprint notes, discovery is still ongoing, and at the time Cable One filed the instant motion, only a single deposition had been taken. Moreover, the subject of the actions of the third-party vendor, Level 3, and Cable One's relationship with that vendor have seemingly been included in the discovery in this case. For instance, Sprint's initial statement of patent infringement contentions in May 2013 referred to its contentions against Cable One and any "joint-direct infringers," and Cable One's October 2013 interrogatory answers included the specific contention that Cable One does not "direct or control" Level 3 (the standard for joint direct infringement). Sprint has sought the production of documents relating to Cable One's relationship with Level 3, and Sprint supplemented its infringement contentions in April 2014 and again in June 2014 to include more detail about the infringing steps allegedly performed by Level 3 as a joint infringer. The parties scheduled a deposition of Level 3 for June 19, 2014. Based on

this history, the Court concludes that Cable One will not suffer any prejudice from the inclusion of a joint direct infringement claim that cannot be cured in the discovery process. Moreover the preclusion of the claim would run counter to the Court's overarching preference for resolution of claims on their merits.

Accordingly, the Court rejects Cable One's argument that Sprint may not pursue a joint infringement theory of direct infringement under Section 271(a) in this case. Because Cable One's summary judgment motion is predicated on the absence of such a claim, the Court denies that motion.[5]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for summary judgment (Doc. # 91) is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum<br>John W. Lungstrum<br>United States District Judge

---

[5]Because discovery is ongoing, the Court declines in its discretion to decide the limited issue of whether a question of fact exists concerning whether Cable One's own actions (without consideration of those of Level 3) could constitute infringement. Cable One insists that that issue is ripe for resolution at this time. In light of testimony given by a deponent after the filing of this motion, however, Cable One has already altered the scope of the motion by withdrawing it as it relates to one customer. Prudence thus dictates that discovery proceed to ensure all potentially relevant information may be considered, and the Court therefore concludes that Cable One's summary judgment arguments are most appropriately and efficiently considered together after the close of discovery.